1    COUNSEL LISTED ON FOLLOWING PAGE

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO DIVISION

11

12   K. OLIVER,                          Case No. CV 12 00943 RS

13              Plaintiff,               **STIPULATION AND [PROPOSED]
                                         PROTECTIVE ORDER**
14        v.

15   MICROSOFT CORPORATION AND DOES
     1-25, INCLUSIVE,
16
                Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

1    KATHLEEN M. LUCAS (STATE BAR NO. 80339)
     SHAWNA B. CASEBIER (STATE BAR NO. 267782)
2    THE LUCAS LAW FIRM
     180 Montgomery Street, Suite 2000
3    San Francisco, CA 94104
     Telephone:     415-402-0200
4    Facsimile:      415-402-0400
     klucas@lucaslaw.net
5    scasebier@lucaslaw.net

6    Attorneys for Plaintiff
     K. OLIVER
7

8    LYNNE C. HERMLE (STATE BAR NO. 99779)
     JESSICA R. PERRY (STATE BAR NO. 209321)
9    ORRICK, HERRINGTON & SUTCLIFFE LLP
     1000 Marsh Road
10   Menlo Park, California  94025
     Telephone:     650-614-7400
11   Facsimile:      650-614-7401
     lchermle@orrick.com
12   jperry@orrick.com

13   BROOKE D. ARENA (STATE BAR NO. 238836)
     ORRICK, HERRINGTON & SUTCLIFFE LLP
14   The Orrick Building
     405 Howard Street
15   San Francisco, CA  94105-2669
     Telephone:     415-773-5700
16   Facsimile:      415-773-5759
     barena@orrick.com
17

18   Attorneys for Defendant
     MICROSOFT CORPORATION

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER  [CV 12 00943 RS]

1

**STIPULATION**

2     Defendant Microsoft Corporation, by and through its undersigned counsel, and Plaintiff

3  Kelly Oliver, by and through her undersigned counsel, hereby agree to the entry of the Protective

4  Order below.

5

**ORDER**

6     Pursuant to Fed. Rule Civ. Proc. 26(c) and the stipulation of the parties, the Court hereby

7  enters the following Protective Order.

8  **A.     Scope of Protective Order**

9     1.     This Protective Order shall govern the use and disclosure of certain sensitive and

10  confidential information designated in good faith by a party to this litigation as being

11  "Confidential," as set forth below, and which is contained in (a) any documents, written discovery

12  responses, or tangible evidence produced in this litigation by means of discovery and/or (b) any

13  transcripts of depositions taken in this action.  This Protective Order establishes a procedure for

14  the expeditious handling of such Confidential information; it shall not be construed as an

15  agreement or as creating any presumption on the confidentiality of any document.

16     2.     The attorneys of record, and all others to whom any such designated Confidential

17  information and material is disclosed, shall maintain such designated Confidential information

18  and material in strict confidence, shall not disclose such designated Confidential information and

19  material except in accordance with this Protective Order, and shall use such designated

20  Confidential information and material solely for this litigation.  All produced Confidential

21  information and material shall be carefully maintained in secure facilities (such as law firm

22  offices), and access to such Confidential information and material shall be permitted only to

23  persons properly having access thereto under the terms of this Protective Order.

24

25

26

27

28

**B.      Confidential Information or Material**

3.      Any party claiming that documents, written discovery responses, or tangible evidence constitute or include Confidential information or material shall mark those portions of the material considered in good faith to be confidential (in such manner as will not interfere with the legibility thereof) with the legend: "Confidential."  Deposition testimony may be designated as "Confidential" by invoking this Protective Order on the record with respect to specific designated testimony, or by using the procedure described in Paragraph 5 of this section.

4.      By designating material as Confidential, the parties and their counsel represent that they have a good faith belief that the materials so designated contain sensitive, non-public, confidential information, such as (a) Plaintiff's medical records; (b) either party's accounting information or tax records, or (c) Microsoft's income statements, balance sheets, or documents that otherwise describe, contain or disclose internal company information, including human resources policies and other similar internal company policies; where all such information is not readily ascertainable and which the party asserting confidentiality has taken reasonable steps to maintain its confidentiality.

5.      If depositions are conducted which involve confidential information, each party shall have until thirty (30) days after receipt of the deposition transcript within which to inform the other party of the portions of the transcript (by specific page and line reference) to be designated Confidential.  Prior to the expiration of the thirty (30) day period, the entire deposition transcript shall be treated as Confidential information.

6.      Confidential information or material (including any copies thereof, notes made therefrom, and the information contained therein) may be disclosed only to the following persons:

6.1      Authors, originators, or original recipients of the Confidential information or material.

6.2      The parties to this action.

6.3      Employees, officers and directors of a party to this action, to the extent that such employees, officers and directors have a need to know the Confidential information for the conduct of this litigation.

- 2 -

6.4    The attorneys of record in this litigation and their employees or contract personnel retained by such attorneys' offices (such as secretaries, legal assistants, and document copying, coding, or imaging services) to whom it is necessary to disclose such information or material in furtherance of the prosecution or defense of this action, any insurance representative to whom it is necessary to disclose such information or material, and any mediator selected to mediate this matter; provided, however, that the attorneys of record utilizing such personnel shall be responsible for ensuring compliance with this Protective Order with respect to all such contract personnel and third party vendors.

6.5    The Court and its personnel, as necessary in support of motions, pleadings and other court papers and proceedings.

6.6    Court reporters and their assistants, to the extent reasonably necessary for the reporting of depositions and hearings.

6.7    Non-party witnesses who, prior to receiving Confidential information, have received a copy of this Protective Order and signed an agreement (in substantially the form presented in Exhibit A hereto) to be bound by its terms and to refrain from redistributing all such information.  Such lay witnesses shall have access to Confidential information only if the disclosing party has a good faith belief disclosure is necessary and the disclosure is only for purposes limited to participation in this litigation (*i.e.*, testimony, deposition preparation, interviews yielding affidavits or declarations, etc.).

6.8    Experts retained by an attorney to whom disclosure may be made pursuant to Paragraph 6.4, but only to the extent that the expert, prior to receiving any Confidential information or material, has received a copy of this Protective Order and signed an agreement (in substantially the form presented in Exhibit A hereto) to be bound by its terms, including his/her

agreement not to divulge any Confidential information or material to any

other person, his/her agreement not to use any Confidential information

or material for any purpose other than this litigation, his/her consent to

the jurisdiction and contempt power of this Court with respect to the

enforcement of the order, and his/her agreement to return to the

disclosing attorney within twenty (20) days after termination of this

litigation (a) all documents and other material containing designated

Confidential information and material received by him/her and all copies

thereof and (b) all reports, correspondence and other tangible things in

his/her possession or control which contain, reference, or describe any

Confidential information, or material disclosed to such expert.

7.   Nothing in this Protective Order shall be deemed to restrict in any manner the use by any party of its own documents, information, or material.

8.   By agreeing to the entry of this Protective Order, neither party waives its or her right to seek greater protection of documents, information, or things than the protection afforded by this Protective Order.

**C.   Filing Confidential Information or Material**

9.   Any party who wishes to file Confidential information or material will follow the procedure set forth in Northern District of California Local Rule 79-5, including without limitation Local Rule 79-5(d), which provides: "If a party wishes to file a document that has been designated confidential by another party pursuant to a protective order, or if a party wishes to refer in a memorandum or other filing to information so designated by another party, the submitting party must file and serve an Administrative Motion for a sealing order and lodge the document, memorandum or other filing in accordance with this rule. If only a portion of the document, memorandum or other filing is sealable, the submitting party must also lodge with the Court a redacted version of the document, memorandum or other filing to be placed in the public record if the Court approves the requested sealing order. Within 7 days thereafter, the designating party must file with the Court and serve a declaration establishing that the designated information

STIPULATION AND [~~PROPOSED~~] PROTECTIVE
ORDER [CV 12 00943 RS]

is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality. If the designating party does not file its responsive declaration as required by this subsection, the document or proposed filing will be made part of the public record."

**D.     Confidentiality Challenge**

10.     If a party challenges the confidential designation of any document or information, it shall so notify the designating party in writing and provide that party thirty (30) calendar days in which to consider the challenge.  The parties agree that, during that period, they will make a good faith effort to resolve any disputes concerning the treatment of Confidential information or material.  If the matter has not been resolved, the party advocating confidentiality must move for such protection under Rule 26(c), or the designation shall be deemed abandoned.

**E.     No Waiver of Privilege**

11.     To expedite the production of information, a party may inadvertently produce documents that are privileged, including but not limited to documents protected by the attorney-client privilege, work product doctrine, or mediation privilege (together, all inadvertently produced documents shall be a "Privileged Document").  Pursuant to Fed. Rule of Evid. 502(b), production of a Privileged Document shall not be deemed a waiver of any applicable privilege. Upon discovery that a Privileged Document has been produced, the producing party shall promptly notify counsel for the other party who shall promptly return the Privileged Document and all copies of the Privileged Document.  If a party contends that a Privileged Document has been erroneously designated as such, the party will nevertheless return the Privileged Document and all copies of the Privileged Document to the party asserting the privilege.  The parties reserve the right to contest any determination that a document is privileged or is otherwise protected from disclosure.

**F.     Termination**

12.     After the termination of this action, this Order shall continue to be binding upon the parties hereto and upon all persons to whom Confidential information or materials has been disclosed or communicated.

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER [CV 12 00943 RS]

**G.    Return of Documents**

13.    No later than sixty (60) days following the "conclusion of these proceedings" as defined herein, counsel shall return all documents and materials designated as Confidential to counsel for the other party, together with all abstracts, copies, and other documents containing any information contained within the documents (except that counsel for each party may maintain in its files copies of each document filed with the Court).  Alternatively, the parties may agree upon appropriate methods of destruction.  "Conclusion of these proceedings" refers to the conclusion of this matter by trial or settlement and, if concluded by trial, the exhaustion of available appeals, or the running of time for taking such appeals, as provided by applicable law.

14.    This Order does not preclude a party from retaining custody of its own Confidential information or material at the "conclusion of these proceedings" as defined in paragraph 13 when not commingled with confidential information of other persons or parties.

**H.    Modification**

15.    This Order may be modified in the event that the parties agree in writing to a modification of the provisions and such modification is approved by this Court, or upon either party's application to the Court for modification.

**I.    Remedies**

16.    The parties expressly acknowledge and agree that all remedies under Fed. Rule Civ. Proc. 37 will be available to the Court, in its discretion, to sanction any violation of this Order.

**J.    Retention of Jurisdiction**

17.    The parties and any other person subject to the terms of this Order agree that this Court has and retains jurisdiction during this action.

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

I, _____, hereby acknowledge that I have received a copy of the Stipulation And Protective Order entered in the matter of *K. Oliver v. Microsoft Corporation*, in the United States District Court for the Northern District of California, San Francisco Division, Case No. CV 12-00943 RS.  I have read and agree to be bound by all of the provisions of the Stipulation And Protective Order.  I agree (a) not to divulge any Confidential information or material to any other person; and (b) not to use any Confidential information or material for any purpose other than this litigation.  In addition, I consent to the jurisdiction and contempt power of the United States District Court for the Northern District of California, San Francisco Division, with respect to the enforcement of the Stipulation And Protective Order.

DATED: _____, 2012

_____
*[Signature]*

_____
*[Print Name]*

1

2   Dated:  September 19, 2012                    KATHLEEN M. LUCAS
                                                 SHAWNA B. CASEBIER
3                                                THE LUCAS LAW FIRM

4                                                By:_____/s/ Kathleen M. Lucas_____
                                                         Kathleen M. Lucas
5                                                    Attorneys for Plaintiff K. Oliver

6   Dated:  September 19, 2012                    LYNNE C. HERMLE
                                                 JESSICA R. PERRY
7                                                BROOKE D. ARENA
                                                 ORRICK, HERRINGTON & SUTCLIFFE LLP
8

9                                                By:_____/s/ Lynne C. Hermle_____
                                                         Lynne C. Hermle
10                                                  Attorneys for Defendant Microsoft Corporation

11

12  **IT IS SO ORDERED.**

13  Dated ___9/24_____, 2012.

14

15  _____

16                   The Honorable Richard Seeborg
                   United States District Court Judge
17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] PROTECTIVE
                                                 ORDER [CV 12 00943 RS]