UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

K. OLIVER,

        Plaintiff,

   v.

MICROSOFT CORPORATION,

        Defendant.

No. C 12-00943 RS (LB)

**ORDER REGARDING THE PARTIES' JOINT DISCOVERY DISPUTE LETTER DATED DECEMBER 19, 2012**

[ECF No. 160]

The parties filed a joint letter brief on December 19, 2012 regarding their discovery dispute about whether – in this employment discrimination action – Microsoft ought to have access to all of Ms. Oliver's medical history (including prior surgical history, fertility and gynecological records, and third-party family medical history). *See* ECF No. 60. Ms. Oliver already produced some records and/or testified about her physical injuries, stress from her alleged treatment at Microsoft, and her cancer that occurred while she was at Microsoft and that allegedly was at increased risk of reoccurrence. *See id.* at 2. What is at issue are only the additional records. Ms. Oliver argues that they are not relevant under the standard set forth in Federal Rule of Civil Procedure 26, disclosure would violate her privacy rights under federal and California law, and they are protected from disclosure by California's physician-patient and/or psychotherapist-patient privileges, and she offers to review and produce them with a privilege log. *Id.* at 3-4. Microsoft addresses only relevance, argues that they are relevant (particularly to its expert's assessment of damages), and suggests that it, rather than Ms. Oliver, ought to review them. *Id.* at 5-7.

1    As to the sufficiency of the arguments in the letter brief, the legal and factual arguments should have been addressed more robustly.  Ms. Oliver, for example, argues that she did not waive any applicable privilege, but she does not first establish that any privilege covers the records at issue.  And Microsoft addressed only relevancy.  The court understands why: on many levels (as described below) this is a case management issue, but an illumination about how the facts fit into the legal standards would be helpful.  Privacy objections, for example, are subject to a balancing test.  Probably Microsoft has waiver arguments about privilege.  Fact arguments are difficult to ferret out too: the court cannot tell from the letter brief when the medical records are chronologically, and that may be relevant to relevance and possibly the balancing inquiry.  The court observes that at least Ms. Oliver's own records appear relevant.  Nonetheless, the point of the court's joint letter brief process is to allow a side-by-side analysis of the parties' positions and eliminate unnecessary mud-slinging (not that the parties are doing it here).  The court expects the following sections to address the fact issues: relevance (no/yes), privilege (y/n), waiver (n/y), and privacy (balancing of interests).

   More fundamentally, this is a case where case management considerations may not necessarily militate in favor of full disclosure now.  The parties have private mediation scheduled on March 11, 2013.  Unfortunately, that is close to the conclusion of fact discovery on April 1, 2013 (and the parties can do nothing about that based on the mediator's schedule).  Under everyone's account, Ms. Oliver experienced a rough time with her cancer in 2008, and at least allegedly, the general manager responsible for the discrimination was terminated for unknown reasons, and Microsoft's investigation resulted in a finding of discrimination.  *See* Third Amended Complaint, ECF No. 53.  As the court discussed with the parties, if mediation is to reveal a road forward that is an alternative to litigation, then it might be better for counsel to meet and confer more robustly to see what information really is needed for settlement and avoid over-intrusion into what are sensitive medical issues for Ms. Oliver.  If mediation is not successful, there is time to employ a more robust approach to get ready for trial.

   Microsoft's lawyer expressed some concern about how that timing might play out with the close of fact discovery on April 1, 2013, and her ability to fully illuminate the facts.

   Given all of the circumstances, the court ordered the following at the hearing.  First, the court

1  adopts Ms. Oliver's first-look approach and directs production of the records with a robust privilege
2  log under the court's privilege log procedures.  That at least gets the ball rolling.  Second, the parties
3  are directed to meet and confer about whether some alternative might get the information to
4  Microsoft's lawyer, who fully recognized the sensitivities that Ms. Oliver is experiencing.  For
5  example, production pursuant to a protective order for attorneys'-and-experts'-eyes-only might
6  allow Microsoft to make a robust damages assessment that will help everyone at the mediation.
7  Alternatively, perhaps there is a mechanism to get Microsoft's lawyer an informal capture of the
8  relevant information, again in furtherance of a damages assessment.  Third, to address timing issues,
9  the parties must meet and confer on a schedule that would allow Microsoft to fully develop the fact
10 record (even if that date is past April 1) for what ultimately will be the expert assessment.  Expert
11 disclosures are not until mid-June, and expert discovery completion is mid-July.  The trial is
12 September 2013.  As the court said, there is enough time between now and trial to accomplish what
13 needs to be done before trial, and it is also true that successful mediation – particularly in light of the
14 allegations in the case – may turn on whether Ms. Oliver feels that her private medical information
15 is not being intruded into unnecessarily.

16    The court thus denies Microsoft's request without prejudice.  The court's view is that the parties
17 ought to be able to work out an approach that provides disclosure of all information for a successful
18 mediation, protects Ms. Oliver's concerns, and preserves the ability for a robust illumination of
19 information for trial.  That being said, should the parties not be able to work out their disagreements,
20 they may file an updated brief that addresses the deficiencies noted above and that updates the court
21 on the timing issues.

22    This disposes of ECF No. 160.

23    **IT IS SO ORDERED.**

24 Dated: January 4, 2013

    _____
    LAUREL BEELER
25  United States Magistrate Judge