UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| K. OLIVER, | No. C 12-00943 RS (LB) |
| Plaintiff, | **ORDER REGARDING DISCOVERY DISPUTES** |
| v. | |
| MICROSOFT CORPORATION, | [ECF Nos. 65, 66] |
| Defendant. | |

## INTRODUCTION

In this employment discrimination case, the parties have two disputes. Plaintiffs want (I) more than 10 depositions; and (II) the report of Microsoft's internal investigation and its in-house attorney's correspondence with the internal investigator who prepared the report. Joint Letter Briefs, ECF Nos. 65 and 66. The court held a hearing on April 4, 2013.

## ANALYSIS

**I. DEPOSITIONS**

Plaintiff says that after depositions in mid-March and review of documents disclosed on March 8, 2013, it became clear that four witnesses had specific information that is relevant. Joint Letter Brief, ECF No. 65 at 2. As discussed at the hearing, the record does not establish the relevance of deposing these high-level people. Disclosure of the report addresses the issue.

**II. INTERNAL INVESTIGATION REPORT AND CORRESPONDENCE**

As to the internal investigation report, Microsoft had an in-house investigator (apparently a

1  lawyer) report to an in-house attorney (Judy Mims) so that Ms. Mims could advise Human
2  Resources. Joint Letter Brief, ECF No. 66 at 1. Microsoft produced only the interview of Plaintiff
3  and the "high-level findings" regarding the investigation and asserted attorney-client privilege or
4  work-product as to the rest. *Id.* at 1-2.

5  Plaintiff agrees that under *Wellpoint Health Network v. Superior Court*, the report might be
6  privileged or work product, but argues that Microsoft waives its privilege if it intends to defend the
7  action by asserting that it investigated the case and took action appropriate to the findings of the
8  investigation. *Id.* at 2-3 (citing *Wellpoint*, 59 Cal. App. 4th, 110, 122-124, 128 (1997)). Plaintiff
9  points to Microsoft's fourth affirmative defense that it "'exercised reasonable care to prevent and
10 correct promptly any allegedly unlawful behavior and Plaintiff failed to take advantage of protective
11 and corrective actions offered by Microsoft and/or otherwise to avoid harm.'" *Id.* at 2 (quoting
12 Answer). To the extent that Microsoft claims privilege, Plaintiff argues that it ought to at least
13 produce a privilege log. *Id.*

14 Microsoft replies that it provided Plaintiff with a report, it provided non-work product and non-
15 privileged information, and – unlike the *Wellpoint* employer who did an investigation and did
16 nothing (thereby calling into question the adequacy of its response) – it does not need to rely on the
17 adequacy of its investigation and can assert that it "took reasonable steps by initiating an
18 investigation, discussing the outcome with Plaintiff, and implementing remedial measures." *Id.* at 4-
19 5. This can warrant an inference of reasonable remedial steps. *Id.* at 5.

20 Courts in the Northern District have held that an employer's reliance on the reasonableness of its
21 investigation and the adequacy of its response can operate as waiver of attorney-client privilege.
22 *See, e.g., Walker v. County of Contra Costa*, No. C 03-03723 TEH (JL), 227 F.R.D., 529, 532-533
23 (2005) (collecting cases and analyzing *Wellpoint)*. Microsoft is trying to tread a middle ground,
24 arguing that it is not relying on the adequacy of the investigation but instead it is relying on the fact
25 that it responded and took appropriate remedial steps, and Plaintiff failed to avail herself of what
26 Microsoft offered. Courts recognize that approach as different than relying on the reasonableness of
27 the investigation. *See, e.g., Abudus-Sabur v. Port Auth.*, No. 00 CIV 5496 (VM), 2001 WL 111984,
28 *3-*4 (S.D.N.Y.Sept. 20, 2001).

Under the circumstances of Microsoft's assertion about how it will offer its defense, the court follows the middle ground in *Kaiser Foundation Hospitals, Inc. v. Superior Court* as the appropriate approach. *See* 66 Cal. App. 4th 1217, 1226, 228 (1998). There, the court held that if the employee is afforded the full discovery of the investigation (except for specified communications implicating privilege and work product), then there is no waiver. *Id.* at 1228. The approach makes more sense than the depositions that Plaintiff wants instead.

On this record, the court orders disclosure of the factual investigation (but not communications that are privileged) and a privilege log within 14 days. *See* ECF No. 60-1 (court's privilege log procedures). The court observes that privilege does not attach merely because lawyers are involved. Here, the information that Plaintiff seeks is fact investigation than legal advice.

This disposes of ECF Nos. 65 and 66..

**IT IS SO ORDERED.**

Dated: April 5, 2013

_____
LAUREL BEELER
United States Magistrate Judge